IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR413-28 |
| ) | |
| SEAN MICHAEL CLARK, ADELAIDA ) | |
| M. LIZAMA, DANIEL JOHN WISE, ) | |
| NAJAM AZMAT, ) | |
| ) | |
| Defendants. ) | |

O R D E R

Before the Court are Defendant Azmat's Motion to Exclude Government Experts (Doc. 241) and Supplemental Motion to Exclude Government Experts (Doc. 260), along with motions to adopt by Defendants Clark, Lizama, and Wise (Docs. 244, 245, 246). The Government has responded in opposition. (Doc. 262.) Defendant Azmat has filed a reply. (Doc. 270.) As Defendants Lizama and Clark have already pled guilty in this case, their motions are **DISMISSED AS MOOT**. Defendant Wise's Motion to Adopt is **GRANTED**. Defendant Azmat's Supplemental Motion to Exclude Government Experts is **DENIED**. The original Motion to Exclude Government Experts is **DENIED IN PART**, but the Government is **DIRECTED** to respond on or before **JANUARY 6, 2014** explaining how its proposed expert testimony passes Daubert's reliability requirement. The Court defers making a final judgment on the merits of Defendants' Motion to

Exclude Government's Experts until after the Government's supplemental response. Defendants should not file a reply brief.

I. PRELIMINARY MATTERS

As a preliminary matter, the Court considers Defendant Wise's motion to adopt Defendant Azmat's challenge to the Government's expert witnesses—Dr. Gene Kennedy and Dr. Martin Zdanowicz. (Doc. 246.) In the interest of judicial economy and because the admissibility of Dr. Kennedy's and Dr. Zdanowicz's testimony is sufficiently pertinent to Defendant Wise's case, the Court **GRANTS** this motion. Accordingly, the Court considers Defendant Azmat's motions as if they were filed by both Defendants.

Additionally, the Court will first address Defendants' supplemental motion, which seeks to exclude the Government's expert testimony due to the Government's failure to file a timely response.[1] (Doc. 260.) Unlike the cases cited by Defendants, however, the non-moving party in this case has eventually responded in opposition. Given the Court's strong interest in resolving cases on the merits, the Court finds that Defendants' motion should not

---

[1] The Court cannot find, and the Government does not provide, any support for the Government's contention that a motion to adopt extends the time with which a party has to respond to a motion. (Doc. 262.)

2

be considered unopposed simply because the Government responded in an untimely fashion. See, e.g., Whitehead ex rel. Whitehead v. Sch. Bd. for Hillsborough Cnty., 932 F. Supp. 1396, 1399 (M.D. Fla. 1996) (finding that Eleventh Circuit policy strongly favors resolving issues on the merits rather than on procedural technicalities). Accordingly, this motion (Doc. 262.) is **DENIED**.

II. DEFENDANTS' MOTION TO EXCLUDE GOVERNMENT EXPERTS

    Defendants argue that neither Dr. Kennedy nor Dr. Zdanowicz's proposed expert testimony satisfies the requirements for admissibility as articulated in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). The admission of expert testimony is controlled by Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702 was amended in response to Daubert, which compelled district courts to perform a gatekeeping function concerning the admissibility of expert testimony. Id. at

3

597. The Eleventh Circuit Court of Appeals has explained that district courts fulfill that function by engaging in a three part inquiry, considering whether

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as to be determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004). While there will often be some overlap between these concepts of qualification, reliability, and helpfulness, they are distinct concepts that courts should be careful not to conflate. Quiet Tech. DC-8, Inc. v. Hurel-Dubois, UK, Ltd., 326 F.3d 1333, 1341 (11th Cir. 2003). The burden of establishing that these requirements are met rests with the proponent of the expert testimony, and not the Daubert challenger. McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1257 (11th Cir. 2002).

Further, Federal Rule of Evidence 704(a) provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." However, an expert may not "merely tell the jury what result to reach." Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990)

4

(citing Fed. R. Civ. P. 704 committee notes (telling jury what result to reach is not helpful to jury and therefore not admissible testimony)). For expert testimony that properly goes to the ultimate issue, "it is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." Quiet Tech, 326 F.3d at 1341; see also Rosenfield v. Oceania Cruises, Inc., 654 F.3d 1190, 1193-94 (11th Cir. 2011). The Supreme Court in Daubert opined that "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596; see Quiet Tech, 326 F.3d at 1341.

A. Challenges to Dr. Kennedy

Defendants' primary challenge to Dr. Kennedy's proposed testimony is that it does not satisfy Daubert's reliability requirement. Although the Court believes the proposed testimony's deficiencies can be cured and will give the Government an opportunity to do so, the Court agrees that the proposed testimony is presently inadequate. While Dr. Kennedy's disclosure describes Defendant Azmat's actions and opines that it fails to meet the required standard of care, it does not outline what is the appropriate standard of care and how Dr. Kennedy determined

5

these were the standards. (Doc. 241, Ex. A.) The Government's response is equally unhelpful as it says only that Dr. Kennedy relied on his or her experience and possibly standard reference materials. (Doc. 262 at 2.) To allow the testimony without any further explanation of the standards applied in this case or how they were developed would undercut the reliability requirement of the Daubert analysis. See Frazier, 387 F.3d at 1261 ("If admissibility could be established merely by the ipse dixit of an admittedly qualified expert, the reliability prong would be, for all practical purposes, subsumed by the qualification prong.").

In addition, Defendants argue extensively that the lack of testability should render Dr. Kennedy's testimony inadmissible. (Doc. 241 at 9-13.) However, the Court will not prohibit an expert from testifying simply because he is qualified solely or primarily by experience or because the evidence does not easily lend itself to empirical review. Still, as stated above, the Government must demonstrate what methodology Dr. Kennedy used in creating his opinions and by what standards he evaluated Defendant Azmat's actions. See, e.g., United States v. Pacheco, 2009 WL383257 (S.D. Fla. 2009) ("If the witness is relying solely or primarily on experience, then the witness must

6

explain how that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."). The Court must have a meaningful opportunity to examine and evaluate Dr. Kennedy's methodology to ensure the testimony's reliability prior to trial. See Frazier, 387 F.3d at 1262 (finding that the Court has considerable discretion in evaluating testimony, but a determination of reliability must be made prior to its admissibility). Because the Court believes that Dr. Kennedy's testimony would ultimately be helpful to the jury in this trial if its technical deficiencies can be overcome, the Government is **DIRECTED** to file, on or before **JANUARY 6, 2014**, a supplemental response explaining the standards of care against which Dr. Kennedy evaluated Defendant Azmat's actions and how he determined that those were the applicable standards.

Defendants further argue that Dr. Kennedy's testimony is inadmissible because it fails to account for alternative explanations. (Doc. 241 at 14-15.) However, the Court finds this argument to be without merit and outside the scope of a Daubert analysis. This argument has no bearing on the admissibility of Dr. Kennedy's testimony, but instead addresses the weight a jury should ultimately give that testimony. See Quiet Tech, 326 F.3d at 1341 ("In the

7

end, although '[r]ulings on admissibility under Daubert inherently require the trial court to conduct an exacting analysis of the proffered expert's methodology,' it is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." (quoting McCorvey, 298 F.3d at 1256)). This argument thus belongs in Defendants' cross-examination and, accordingly, this portion of Defendants' motion is **DENIED**.

Defendants also argue that Dr. Kennedy should be prohibited from offering an opinion as to whether medical examinations performed by Defendant Azmat were "credible" (Doc. 241 at 12-13), and that prescriptions were given out "without a legitimate medical purpose" (id. at 16-18). Defendants argue that this testimony constitutes improper opinion testimony under Federal Rule of Evidence 704 and amounts to "little more than telling the jury what result should be reached." (Id. at 18-19.) However, if a proper foundation for reliability is established, the Court will not prevent Dr. Kennedy from testifying on these matters. As stated above, an expert is not barred from giving an opinion simply because it goes to an ultimate issue. Fed. R. Evid. 704(a). Such is the case here. A medical expert's opinion that a physical examination is not credible or that a prescription is without a legitimate

8

medical purpose, when based on a comparison with the appropriate standard of care, is not an invasion into the jury's purview. These are informed comparisons based on medical standards; not legal conclusions of guilt or liability. An expert is free to give this opinion so long as the methodology used to arrive at the conclusion is sufficiently reliable. Accordingly, this portion of Defendants' motion is **DENIED**.

Lastly, Defendants question the relevancy of Dr. Kennedy's testimony by arguing that the standard in this case is whether Defendant Azmat "stopped being a doctor at all and was acting as a drug dealer." (Doc. 241 at 13-14.) However, this is not the standard for the admissibility of Dr. Kennedy's testimony in this case. The requirement of relevancy for expert testimony is that it must "assist[] the trier of fact, through the application of . . . expertise, to understand the evidence or to determine a fact in issue." <u>Frazier</u>, 387 F.3d at 1260. If a proper foundation of reliability is established, the Court finds no reason to conclude that this testimony would be irrelevant. Dr. Kennedy's testimony would aid the jury in understanding the complex medical facts of this case to determine whether Defendant Azmat's actions met or fell

below the appropriate standard of care required. Accordingly, this portion of Defendants' motion is **DENIED**.

### B. Challenges to Dr. Zdanowicz

Defendants' primary argument against the admissibility of Dr. Zdanowicz's testimony is that he is not a physician and therefore unqualified to testify on clinical matters of care. (Doc. 241 at 19.) However, the fact that Dr. Zdanowicz is a pharmacologist and not a physician does not disqualify him from offering testimony as an expert witness in this case. See, United States v. Ignasiak, 667 F.3d 1217, 1225 (11th Cir. 2012) (expert testimony of a pharmacologist on the medical propriety of treatments was admissible). While Dr. Zdanowicz is not qualified to opine as to the medical examinations performed by Defendant Azmat, the Government has not indicated a desire for him to do so. (Doc. 262 at 2.) Rather, his proposed testimony relates to whether Defendant Azmat's actions represented a pattern of over-prescribing controlled substances based on the factual circumstances of individual patients. (Doc. 262 at 2.) The Court finds that his background in pharmacology and knowledge of drugs and drug-seeking behavior is likely to assist a jury in both understanding the prescriptions provided by Defendant Azmat and ultimately deciding whether they were provided without a

legitimate medical purpose. Accordingly, the Court finds no reason to conclude that Dr. Zdanowicz is unqualified to offer his proposed expert testimony.

However, the proposed testimony of Dr. Zdanowicz suffers from the same deficiency as that of Dr. Kennedy. The Government has not presented the methodology and standards by which Dr. Zdanowicz has developed his opinions. Accordingly, for the same reasons as stated above concerning Dr. Kennedy's proposed testimony, the Government is **DIRECTED** to file, on or before **JANUARY 6, 2014,** a supplemental response explaining the standards against which Dr. Zdanowicz evaluated Defendant Azmat's actions and how he determined those were the applicable standards.

Defendants also argue that much of Dr. Zdanowicz's testimony is irrelevant and should be barred at trial. While it is true the relevancy of some of the proposed testimony is not readily apparent to the Court,[2] the nature of this case is complex and these questions are difficult to consider absent the context of trial. Accordingly, Defendants' argument is **DENIED**, subject to the Government

---

[2] For instance, the Court can discern no need for Dr. Zdanowicz to discuss the possible harmful effects of Soma (carisoprodol) as it was never prescribed by Defendant Azmat in this case. (Doc. 241, Ex. B at 4.)

11

laying a proper foundation at trial. If necessary due to the context in which the Government offers the proposed testimony, Defendants may renew their objections at trial.

Defendants offer a final argument that Dr. Zdanowicz's opinions are inadmissible because they are contrary to the evidence, particularly as to whether or not Defendant Azmat weaned his patients off of prescribed drugs during the course of treatment. (Doc. 241 at 21.) The Court finds no merit in this argument. This evidence, if proven, only goes to the weight the jury should ultimately give the testimony and not whether it satisfies Daubert's requirements. If the Government provides evidence of a reliable methodology used by Dr. Zdanowicz in developing his opinions, the Court will not prohibit his testimony at trial simply because Defendants do not find it convincing.

## Conclusion

As Defendants Lizama and Clark have already pled guilty in this case, their motions are **DISMISSED AS MOOT**. Defendant Wise's Motion to Adopt is **GRANTED**. Defendant Azmat's Supplemental Motion to Exclude Government Experts is **DENIED**. The original Motion to Exclude Government Experts is **DENIED IN PART**, but the Government is **DIRECTED** to respond on or before **JANUARY 6, 2014** explaining how its proposed expert testimony passes Daubert's reliability

requirement. The Court defers making a final judgment on the merits of Defendants' Motion to Exclude Government's Experts until after the Government's supplemental response. Defendants should not file a reply brief.

SO ORDERED this 27th day of December 2013.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA