# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

NAJAM AZMAT,  )
  )
    Movant,  )
  )
v.  )
  )   CV417-086
  )   CR413-028
UNITED STATES OF AMERICA  )
  )
    Respondent.  )

## ORDER

This case, involving Najam Azmat's challenge to his federal sentence, was recently reassigned to the undersigned. *See* Docket entry dated Jan. 8, 2019. Because of a previous attorney-client relationship with the plaintiff in an unrelated matter, and to avoid any appearance of impropriety, I recuse.

Two federal statutes govern judicial disqualification due to conflict of interests. The first, 28 U.S.C. § 144, only applies when "a party . . . makes and files a timely and sufficient affidavit . . . ." Since no such affidavit has been filed, it does not apply here. The second, 28 U.S.C. § 455, "places a judge under a self-enforcing obligation to recuse himself where the proper legal grounds exist." *United States v. Alabama*, 828 F.2d

1532, 1540 (11th Cir. 1987), *superseded by statute on other grounds as recognized by J.W. by and through Tammy Williams v. Birmingham Bd. of Ed.*, 904 F.3d 1248, 1254 (11th Cir. 2018). Courts have generally recognized that prior representation of a party is not an absolute bar on a judge's hearing a case. *See David v. City and Cty. of Denver*, 101 F.3d 1344, 1350-51 (10th Cir. 1996) ("[U]nder § 455(a), a judge's prior representation of a witness or a party in an unrelated matter does not automatically require disqualification." (citing, *inter alia*, *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992); *see also Sphere Drake Ins., Ltd. v. All Am. Life Ins. Co.*, 307 F.3d 617, 622 (7th Cir. 2002) ("Nothing in the Code of Conduct for federal judges makes prior representation of a litigant a disqualifying event," depending on the time since representation terminated). Nevertheless, it is vital that litigants and the public see that the judicial process is fair and impartial. Accordingly, I will exercise my discretionary power to recuse in this case.

The Clerk is, therefore, **DIRECTED** to reassign this case to Magistrate Judge James E. Graham for all further proceedings.

**SO ORDERED**, this  14th day of January, 2019.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia